UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x

SONIA COLE,

    Plaintiff,

  -against-          MEMORANDUM & ORDER

                  05-CV-2203 (CBA)

JACK AND HENDRA MOVERS, INC.,

    Defendants.
--------------------------------------------------------x
AMON, United States District Judge:

  Plaintiff Sonia Cole, appearing *pro se,* brings this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983.[1] The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, but dismisses the complaint for the reasons stated below.

## Background

  Plaintiff's handwritten complaint is barely legible. Although unclear, it appears that following foreclosure of plaintiff's home, Plaza Homes[2] purchased the home and hired Jack and Hendra Movers Inc. to remove plaintiff's personal property and place the property in storage.

---

[1] This is plaintiff's eighth action filed with this Court. See Cole v. Beneficial Mortgage, 01-cv-3327 (CBA) (bankruptcy appeal, dismissed by order dated November 29, 2001, for failure to prosecute); Cole v. Merrick Realty, LLC.,03-cv-1230 (CBA) (bankruptcy appeal, dismissed by order dated December 4, 2003, pursuant to 28 U.S.C. 1915 (e)); Cole v. Merrick Realty, LLC et al, 04-cv-908 (CBA) (§ 1983, dismissed by order dated May 20, 2004, pursuant to 28 U.S.C. 1915 (e)); Cole v. Leverett, 04-cv-5216 (CBA) (dismissed by order dated December 6, 2004, pursuant 28 U.S.C. § 1915 (e)); Cole v. Katz, 04-cv-5217 (CBA) (dismissed by order dated December 6, 2004, pursuant 28 U.S.C. § 1915 (e)); Cole v. Hanks et al., 05-cv-1831 (CBA) (pending § 1983); Cole v. Plaza Homes LLC., 05-cv-2055 (CBA) (pending § 1983).

[2] Plaza Homes is a defendant in Cole v. Plaza Homes LLC., 05-cv-2055 (CBA).

1

Plaintiff failed to pay the cost of storage, and thereafter a warehouseman's lien[3] in the amount of two thousand dollars was placed against the property. Plaintiff's property was then sold. See Statement dated March 30, 2002, annexed to plaintiff's complaint; see also Sale-Notice, annexed to plaintiff's complaint.

Standard of Review

Under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is deemed frivolous as a matter of law when, *inter alia*, it "lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998).

Discussion

In order to state a § 1983 claim, plaintiff must allege facts showing that the defendant, acting pursuant to state law, deprived the plaintiff of a right or privilege established by the Constitution or laws of the United States. " 42 U.S.C. § 1983; Tancredi v. Metro. Life Ins. Co., 316 F.3d 308, 312 (2d Cir. 2003). For plaintiff to succeed on her § 1983 complaint, she must first establish that the conduct of the named defendant is "fairly attributable to the State." American Manufacturers Mutual Insurance Co., 526 U.S. 40, 50 (1999); Flagg v. Yonkers Sav. and Loan Ass'n, FA, 396 F.3d 178,

186 (2d Cir. 2005) ("Because the United States Constitution regulates only the government, not

---

[3] New York Uniform Commercial Code § 7-210 gives the warehouseman the power to enforce his lien by selling the stored goods, after complying with specified procedures. See N.Y. U.C.C. § 7- 210. (McKinney 2002).

private parties, a litigant claiming that his constitutional rights have been violated must first establish that challenged conduct constitutes "state action."") (quotation omitted).

As the Supreme Court has held, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." American Manufacturers, 526 U.S. at 50 (quotation omitted); cf. Brentwood Academy v. Tennessee Secondary School Athletic Ass'n, 531 U.S. 288, 295 (2001) ("state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself'") (quoting Jackson v. Metropolitan Edison Co., 419 U.S. 345, 351 (1974)).

Here, plaintiff alleges that defendant violated her constitutional rights when they sold her property. The facts in this case are similar to those in Flagg Brothers, Inc. v. Brooks, 436 U.S. 149 (1978). In Flagg Brothers, the issue was whether the plaintiff could bring a § 1983 action against a warehouseman because the warehouseman sought to execute a lien by selling goods in its possession pursuant to § 7-210 of the New York Uniform Commercial Code. Id. at 151. Although the sale was authorized by a state statute, the Court concluded the warehouseman's decision to sell the goods was not "properly attributable to the State of New York." Id. at 156. Therefore, the Supreme Court concluded that the private enforcement of a warehouse lien does not qualify as state action.

## Conclusion

Plaintiff's complaint is dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Plaintiff's repetitive filing of non-meritorious complaints shall not be tolerated by this Court. Plaintiff is once again cautioned that she should stop filing complaints regarding state court

matters in this Court. Should she continue to file such complaints here, the Court may enter an order barring the acceptance of any future *in forma pauperis* complaint she may submit unless she first obtains leave of court to do so. 28 U.S.C. § 1651. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is directed to enter judgment in accordance with this Order and to close the case.

SO ORDERED.

CAROL B. AMON
United States District Judge

Dated: Brooklyn, New York
May 18, 2005